IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TRACEY ANTONIO ATTAWAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 118-133 |
| | ) | |
| AIMEE SMITH, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Petitioner, an inmate at Dooly State Prison in Unadilla, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2254.  Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's § 2254 petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

I.     **BACKGROUND**

On February 15, 2011, the Richmond County grand jury indicted Petitioner on one count of armed robbery, one count of aggravated assault, and two counts of possession of a knife during the commission of a crime.  (Doc. no. 8-8, pp. 133-36.)  After a trial held

---

[1]Aimee Smith has succeeded Glen Johnson as Warden of Dooly State Prison.  See www.dcor.state.ga.us (follow "About GDC," "Divisions," and "Facilities" hyperlinks; then search "Dooly State Prison") (last visited July 25, 2019).  As the proper Respondent in this habeas corpus case is the state officer who has custody of Petitioner, the Court **DIRECTS** the Clerk to update the docket to accurately reflect Aimee Smith as Respondent.  See Fed. R. Civ. P. 25(d);  Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

October 3-4, 2011, a jury convicted Petitioner on all counts, and the trial court sentenced Petitioner to life imprisonment for armed robbery, a five-year prison term on each count of possession of a knife during the commission of a crime, and twenty years in prison for the aggravated assault conviction. (Id. at 196, 242.) Attorney Lee Prescott, Office of the Public Defender for the Augusta Judicial Circuit, represented Petitioner at trial. (Id. at 143, 243.)

Attorney Robert L. Persse, an Assistant Public Defender at the time in the Ogeechee Judicial Circuit, represented Petitioner post-conviction. Upon his appointment, Mr. Persse filed an amended motion for new trial. (Id. at 217-34.) The enumerations of error included challenges to (1) sufficiency of evidence for the armed robbery conviction and the knife possession predicated thereon, (2) the jury instruction for aggravated assault; (3) sufficiency of evidence for the knife possession conviction predicated on the allegedly incorrectly charged aggravated assault; and (4) the life sentence imposed for the armed robbery conviction. (Id.) After a holding a hearing on the motion for new trial, the trial court denied the motion for new trial in a one-paragraph order. (Id. at 237.)

Mr. Persse filed a direct appeal raising the following enumerations of error: (1) insufficiency of evidence to support the armed robbery conviction; (2) alternatively, imposition of an improper recidivist sentence for armed robbery; (3) insufficiency of evidence for possession of a weapon during the armed robbery; (4) insufficiency of evidence to support the aggravated assault conviction; and (5) insufficiency of evidence for possession of a weapon predicated on the aggravated assault conviction. (Id. at 75.)

In its opinion, the Georgia Court of Appeals provided the following description of evidence offered against Petitioner at trial:

2

[T]he day after Thanksgiving, Kevin Laird, a loss prevention manager at Best Buy, was informed that a co-worker observed Attaway open a sealed box and attempt to put a laptop computer down his pants.  As Laird approached Attaway, he observed the laptop box in Attaway's shopping cart and noticed that he was trying to conceal a laptop with his shirt.  Laird told Attaway that he needed to recover the evidence, and Attaway responded that he did not know what Laird was talking about.  Tommy Walker, another store employee, approached, and Attaway tried to run away.  Attaway and Walker were involved in a scuffle which knocked over several customers and store displays.  Laird testified that Attaway pulled out a knife to effectuate his escape during the scuffle.  Laird told the crowd of customers to get away because Attaway had a knife, and Attaway ran out the store's front door.  Attaway dropped the laptop while running.  After checking on those inside, Laird went to the door and saw Attaway scuffling with some Marines who had been collecting items for Toys for Tots outside.

Patrick Youssef, a Best Buy customer that day, testified that he saw the scuffle begin and that he saw Attaway holding a knife during his interaction with Walker.  Youssef testified that once Attaway was outside, he fell down and that "Marines [were] standing over him.  And then [Attaway] got up and did almost a jump step . . . and it almost looked like he was trying to go through and over the Marine and he was above him and stabbed down into his back."  Youssef testified that it did not appear that the stabbing was an accident.  Youssef, a doctor, tended to the Marine's wound until EMTs arrived.  He testified that the wound was located near the Marine's spine, was three to four centimeters long, and was "bleeding pretty profusely."

Sergeant Phillip Duggan was the Marine stabbed by Attaway.  He testified that he had been collecting for Toys for Tots outside the store when he saw a man running outside the store and heard someone yell "someone get him."  Attaway attempted to run around Duggan, and both men fell, a scuffle ensued, and Attaway was subdued on the ground by other Marines.  Duggan noticed that Attaway had a knife during the scuffle, and once Attaway was secured, he realized that he had been stabbed in the back.  Other Marines testified that they witnessed Attaway stab Duggan and that the act did not appear to be accidental.  A knife with a four-inch blade was recovered from Attaway.

When Attaway was arrested, more stolen Best Buy merchandise was discovered on his person, including two cameras, batteries, a PlayStation 3 accessory, and chargers.  Subsequent examination of the laptop box revealed that it had been sliced with a blade and not ripped open.

Attaway was then transported to the sheriff's office.  After being advised of his *Miranda* rights, he initially stated that he "would keep his statements to himself[.]"  Attaway then changed his mind and asked to make a statement without being recorded.  Attaway asked what he had been charged with, to which the interviewing officer responded, aggravated assault, armed robbery and possession of a knife during the commission of a crime.  Attaway claimed that he did not try to hurt anyone.  When the officer informed him that several people saw him stab Duggan, Attaway stated "well[,] I'll give you that one [,] but I didn't rob anybody."

Attaway v. State, 772 S.E.2d 821, 822 (Ga. Ct. App. 2015).

The Court of Appeals affirmed in part, reversed in part, and remanded the case for resentencing.  Id. at 824.  Specifically, the appellate court found there was no evidence Petitioner used a knife in an offensive manner to possess stolen merchandise, and therefore, the armed robbery conviction was reversed.  Id. at 823-24.  Consequently, the conviction for possession of a weapon during the commission of a felony predicated on the armed robbery conviction was likewise reversed.  Id. at 824.  However,  the appellate court rejected the argument that the evidence failed to establish Petitioner used his knife intentionally against the stabbing victim.  Id.  The court explained several witnesses testified Petitioner stabbing his victim during this attempted escape "did not appear to be accidental."  Id.   Thus, there was sufficient evidence to support the aggravated assault conviction and the weapon possession charge predicated thereon.  Id.

Upon remand for resentencing on the two remaining convictions, the trial court imposed twenty years in prison for the aggravated assault and five years for the weapon possession charge, to be served consecutively, for a total of twenty-five years.  (Doc. no. 8-8, pp. 42-43.)  The sentence imposed on September 3, 2015, for these two counts was the same

as the sentence originally imposed in 2011 for the same two convictions.  (Cf. id. with id. at 196.)  The trial court vacated the two convictions the court of appeals had reversed.  (Id. at 42.)

Petitioner filed a *pro se* motion to modify his sentence on remand, and the Georgia Court of Appeals affirmed the trial court's denial of that motion.  (Doc. nos. 8-5, 8-6 Attaway v. State, No. A17A0845 (Ga. Ct. App. May 8, 2017) (unpub.), *cert. denied*, No. S17C1635 (Ga. Aug. 28, 2017).)  Relying on O.C.G.A. § 17-10-1(f), the state courts rejected Petitioner's argument the trial court abused its discretion in refusing to modify its "vindictive" twenty-five year sentence.  (Doc. no. 8-5, pp. 2-5.)  The Court of Appeals pointed out the new sentence was less than the original total sentence he received after the jury trial and was the same as the sentence he originally received for the aggravated assault and related weapon possession convictions, a sentence within the statutory parameters for the offenses of which he was convicted.  (Id. at 3-5.)  In ruling on Petitioner's appeal, the Court of Appeals relied solely on Georgia statutes and case law.

Petitioner filed a state habeas corpus petition *pro se* on April 29, 2016, in Dooly County, raising the following claims:

(1)  Trial counsel provided ineffective assistance by failing to:

(a) investigate;
(b) interview witnesses:
(c) file pretrial motions;
(d) prepare a defense;
(e) require the State to prove guilt beyond a reasonable doubt; and
(f) guarantee a fundamentally fair trial.

5

(2)   Appellate counsel provided ineffective assistance by failing to:

    (a) raise a claim on direct appeal regarding an allegedly erroneous jury instruction on aggravated assault that had been raised in a Motion for New Trial; and

    (b) raise an ineffective assistance of trial counsel claim.

(3)   The trial court gave an erroneous jury instruction on aggravated assault that was not tailored to the charge in the indictment.

(4)   The conviction for possession of a knife during the commission of a crime should be vacated because it is the predicate offense to aggravated assault.

(Doc. no. 8-2.)

The transcript of the state habeas proceedings, held on August 23 and December 6, 2016, reflects Petitioner attempted to raise additional claims at the second hearing by providing the judge a copy of the "Motion for Evidentiary Hearing on Trial and Appellate Counsels, Defective Indictment" Petitioner filed with the Superior Court of Richmond County, Georgia on August 25, 2016.  (Doc. no. 8-8, pp. 5-8.)  Although the state habeas judge announced he was not going to accept any additional grounds for relief at the second hearing, he did listen to Petitioner present an argument the indictment was defective.  (Id. at 6-8.)   The state habeas judge pointed out Petitioner already had pending ineffective assistance claims regarding his trial and appellate counsel.  (Id. at 7.)  Consistent with the announcement of the state habeas judge, the final order denying state habeas relief entered April 18, 2017, did not mention Petitioner's issue with the indictment.  (See doc. no. 8-3.) The Georgia Supreme Court denied a certificate of probable cause to appeal without comment.  (Doc. no. 8-4, Attaway v. Johnson, No. S17H1651 (Ga. Aug. 2, 2018).)

6

Petitioner then timely filed the above-captioned § 2254 petition *pro se*, raising five claims in the original petition and adding a sixth claim by amendment. (Doc. nos. 1, 9, 13.) Petitioner's grounds for relief include:

(1) The trial court erred in failing to reduce Petitioner's sentence for the two convictions remaining after the Georgia Court of Appeals vacated Petitioner's convictions for armed robbery and possession of a knife during the commission of a felony premised on the armed robbery count.

(2) Trial counsel provided ineffective assistance by failing to:

(a) identify the elements of armed robbery prior to trial;
(b) file proper pretrial motions;
(c) investigate;
(d) interview witnesses to prepare a defense; and
(e) have the armed robbery charge dismissed.

(3) Petitioner's aggravated assault conviction was improper, as it was based on evidence obtained when he was unlawfully arrested for armed robbery, a charge for which there was insufficient evidence. Had he not been arrested unlawfully for armed robbery, he would have been offered a plea deal for aggravated assault.

(4) Petitioner's Due Process rights were violated by:

(a) counsel failing to obtain a preliminary hearing;
(b) the State failing to prove venue by not providing an address for the location of the crimes alleged; and
(c) the state habeas court failing to rule on a motion Petitioner submitted at the state habeas hearing on December 6, 2016.

(5) Appellate counsel provided ineffective assistance by failing to:

(a) raise an ineffective assistance of trial counsel claim; and
(b) raise a claim on direct appeal that had been raised in the motion for new trial concerning the trial court's jury instruction on aggravated assault.

7

(6) The trial court erred in failing to give an accident instruction to the jury.

(See generally doc. nos. 1, 9.)

## II.   STANDARD OF REVIEW

Under § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> > (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has characterized § 2254(d) as "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011).  Accordingly, § 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (citations omitted).

In Brown v. Payton, 544 U.S. 133, 141 (2005), the Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

8

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result.  A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. (internal citations omitted).  Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is wrong; "even clear error will not suffice." White v. Woodall, 572 U.S. 415, 419 (2014).  Rather, the habeas petition must show the state court decision was "objectively unreasonable." Wiggins v. Smith, 539 U.S. 510, 520-21 (2003); see also Woods v. Donald, 575 U.S.-, 135 S. Ct. 1372, 1376 (2015) (a petitioner must show the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").  A showing that the state court's determination was unreasonable is a substantially higher threshold than whether it was correct.  Reed v. Sec'y, Fla. Dep't of Corr., 767 F.3d 1252, 1260-61 (11th Cir. 2014); Evans v. Sec'y, Dep't of Corr., 703 F.3d 1316, 1325 (11th Cir. 2013).  In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 563 U.S. at 181.

Moreover, under AEDPA's highly deferential standard of review for state court factual determinations, a federal habeas court may only grant relief if a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  Additionally, § 2254(e)(1) requires the Court "to presume the correctness of state courts' factual findings" unless the habeas petitioner rebuts that

presumption "with clear and convincing evidence." <u>Nejad v. Att'y Gen., State of Ga.</u>, 830 F.3d 1280, 1289 (11th Cir. 2016) (citing <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473-74 (2007)); <u>see also</u> <u>Reese v. Sec'y, Fla. Dep't of Corr.</u>, 675 F.3d 1277, 1287 (11th Cir. 2012) ("In a habeas proceeding, our review of findings of fact by the state court is even more deferential than under a clearly erroneous standard of review."). "The Supreme Court has not yet defined § 2254(d)(2)'s precise relationship to § 2254(e)(1). . . . Whatever that precise relationship may be, a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." <u>Tharpe v. Warden</u>, 834 F.3d 1323, 1336 (11th Cir. 2016) (citing <u>Wood v. Allen</u>, 558 U.S. 290, 301 (2010)).

## III.   DISCUSSION

### A.    Grounds One and Six Do Not Allege a Violation of Federal Law and Therefore Do Not Support a Claim for Federal Habeas Corpus Relief

In Ground One, Petitioner argues the trial court erred in failing to reduce his sentence for aggravated assault and the associated weapons possession charge after the Georgia Court of Appeals vacated his armed robbery and associated weapons possession charge. According to Petitioner, the trial court unfairly refused to modify the twenty-five year sentence imposed on remand. As described in detail above, the appellate court reasoned the motion to modify the sentence was made pursuant to O.C.G.A. § 17-10-1(f) but the trial court committed no error in refusing to modify the sentence as Petitioner requested because the twenty-five year sentence was within the statutory parameters for the crimes of which Petitioner had been

convicted and was not vindictive.[2]  (See doc. no. 8-5.)

Similarly, in Ground Six, Petitioner argues the trial court erred as a matter of state law in failing to give accident instructions.  As discussed in detail below in Part III(C)(2)(a), the claim is procedurally defaulted, but even if it were not, Petitioner raises his claim only as a matter of alleged error under state law.  (See doc. no. 9.)

A state court criminal judgment may be collaterally attacked in the federal courts only if it violated federal law.  Wilson v. Corcoran, 562 U.S. 1, 3 (2010).  As the habeas statute explains, the federal writ may issue to a state petitioner only when that petitioner "is in cutody in violation of the Constitution or law or treaties of the United States."  28 U.S.C. § 2254(a).  "Because state courts are the ultimate expositors of state law, we are bound by state-court determinations on state-law questions.  Put another way, "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."  Jones v. GDCP Warden, 815 F.3d 689, 722-23 (11th Cir. 2016) (internal citations and quotes omitted).  In sum, the federal habeas court does not sit as a "'super' state supreme court."  Shaw v. Boney, 695 F.2d 528, 530 (11th Cir. 1983) (per curiam) (citations omitted).

As Grounds One and Six raise only alleged errors of state law, they form no basis for federal habeas corpus relief.

---

[2]O.C.G.A. § 16-5-21(b) provides a prison sentence of up to twenty years for aggravated assault.  O.C.G.A. § 16-11-106(b) provides for a consecutive five-year sentence upon conviction for the possession of a knife predicated on the aggravated assault conviction.

**B.  Applying AEDPA Deference to the Ineffective Assistance of Appellate Counsel Claim in Ground Five that Was Previously Rejected by the State Court, Federal Habeas Relief Is Not Warranted**

**1.  Under <u>Strickland v. Washington</u>, Petitioner Bears a Heavy Burden on Ineffecitve Assistance of Counsel Claims**

Ineffective assistance of counsel claims are subject to the two-part test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 688.  In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions."  <u>Hagins v. United States</u>, 267 F.3d 1202, 1204-05 (11th Cir. 2001).  Strategic decisions are entitled to a "heavy measure of deference."  <u>Strickland</u>, 466 U.S. at 691. Indeed, "strategic choices are 'virtually unchallengeable.'"  <u>Provenzano v. Singletary</u>, 148 F.3d 1327, 1332 (11th Cir. 1998) (citing <u>Strickland</u>, 466 U.S. at 690 and <u>Waters v. Thomas</u>, 46 F.3d 1506, 1522 (11th Cir. 1995) (*en banc*)).  To show that an attorney's choice of strategy is unreasonable, a petitioner must show that no competent counsel would have made such a choice. <u>Strickland</u>, 466 U.S. at 690.

"Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one."  <u>Fugate v. Head</u>, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted).  "The test has nothing to do with what the best lawyers would have done.  Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer . . . could have acted, in the

12

circumstances, as defense counsel acted . . . ."  Ward v. Hall, 592 F.3d 1144, 1164 (11th Cir. 2010) (citing Waters, 46 F.3d at 1512).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697; see Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1301 (11th Cir. 2013).  Under the prejudice prong of Strickland, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.

As the Eleventh Circuit has ruled, a petitioner must affirmatively prove prejudice that would undermine the results of the proceedings because "attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.  That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice."  Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations and internal quotations omitted).  Indeed, the Court must examine the entirety of counsel's performance and the effect of such "in light of the record as a whole to determine whether it was reasonably probable that the outcome would have been different." Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989).

The <u>Strickland</u> test also applies to claims of ineffective assistance of appellate counsel, <u>see</u> <u>Heath v. Jones</u>, 941 F.2d 1126, 1130 (11th Cir. 1991), with the additional consideration that a criminal defendant has no "constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." <u>Jones v. Barnes</u>, 463 U.S. 745, 751 (1983); <u>see also</u> <u>Philmore v. McNeil</u>, 575 F.3d 1251, 1264 (11th Cir. 2009) (explaining appellate counsel not required to raise every non-frivolous issue). Appellate counsel is not ineffective for failing to raise claims 'reasonably considered to be without merit.'" <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1344 (11th Cir. 2000) (citation omitted). Moreover, it is up to appellate counsel to winnow out weaker arguments, even if they may have merit, and select the most promising issues for review. <u>Jones</u>, 463 U.S. at 751-52; <u>Philmore</u>, 575 F.3d at 1264. Prejudice turns on whether "the neglected claim would have a reasonable probability of success on appeal." <u>Philmore</u>, 575 F.3d at 1265 (citation omitted).

In the context of an ineffective assistance claim that was previously rejected by a state court, the petitioner bears the even heavier burden of "show[ing] that the [state courts] applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner." <u>Bell v. Cone</u>, 535 U.S. 685, 699 (2002); <u>see also</u> <u>Cave v. Sec'y for Dep't of Corr.</u>, 638 F.3d 739, 748 (11th Cir. 2011) (noting that, where the state court has previously adjudicated a claim on the merits, the petitioner "has the additional burden of demonstrating that the state court's application of this demanding standard was not merely wrong, but objectively unreasonable"). "[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied <u>Strickland</u> incorrectly." <u>Bell</u>, 535 U.S. at 699. "In

14

short, an *unreasonable* application of federal law is different from an *incorrect* application of federal law." <u>Barwick v. Sec'y, Fla. Dep't of Corr.</u>, 794 F.3d 1239, 1245 (11th Cir. 2015) (internal quotations and citations omitted).

Moreover, because "[t]he standards created by <u>Strickland</u> and § 2254(d) are both highly deferential, . . . when the two apply in tandem, review is doubly so." <u>Richter</u>, 562 U.S. at 105 (quotation marks and citations omitted); <u>see also</u> <u>Yarborough v. Gentry</u>, 540 U.S. 1, 4 (2003) (review of attorney performance is "highly deferential-and doubly deferential when it is conducted through the lens of federal habeas"). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment . . . . [F]ederal courts are to afford both the state court and the defense attorney the benefit of the doubt." <u>Woods v. Etherton</u>, 578 U.S.-, 136 S. Ct. 1149, 1151 (2016) (internal quotations and citations omitted). To obtain federal habeas relief, "[t]he state court decision must be so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>Id.</u> Put another way, "[t]he <u>Strickland</u> standard is a general one, so the range of reasonable applications is substantial." <u>Richter</u>, 562 U.S. at 105; <u>see also</u> <u>Sexton v. Beaudreaux</u>, 584 U.S.-, 138 S. Ct. 2555, 2560 (2018) ("[B]ecause the <u>Strickland</u> standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." (citation omitted)); <u>Woods</u>, 135 S. Ct. at 1376 ("AEDPA's standard is intentionally difficult to meet.").

**2.    The State Court's Application of <u>Strickland</u> to Petitioner's Ineffective Assistance Claim in Ground Five Was Not Objectively Unreasonable**

In Ground Five of the federal petition, Petitioner argues he received ineffective assistance from his appellate counsel because counsel failed to raise on direct appeal (1) an ineffective assistance of trial counsel claim; and (2) a claim that had been raised in the motion for new trial concerning the trial court's jury instruction on aggravated assault. The state habeas court rejected Petitioner's ineffective appellate assistance claim, concluding Petitioner had not shown Mr. Persse's performance was objectively unreasonable and pointing out Mr. Persse had achieved success on appeal in obtaining reversal on the most serious charges for which Petitioner had been convicted. (<u>See</u> doc. no. 8-3, pp. 4-7.)    The Georgia Supreme Court denied the request for a CPC in a two sentence order: "Upon consideration of the application for certificate of probable cause to appeal the denial of habeas corpus, it is ordered that it be hereby denied. All the justices concur." (Doc. no. 8-4.) Because the state supreme court decision did not come accompanied with reasons, this Court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" when determining, pursuant to 28 U.S.C. § 2254(d), whether the state court decision was reasonable. <u>Wilson v. Sellers</u>, 584 U.S.-, 138 S. Ct. 1188, 1192 (2018). The Court is also guided by AEDPA's mandate that factual determinations made by a state court are presumptively correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." <u>Tharpe</u>, 834 F.3d at 1336.

Thus, the Court turns its attention to the state habeas court reasoning, as it is the last state court to decide Petitioner's federal ineffective assistance of appellate counsel claim in a reasoned opinion.  See Wilson, 138 S. Ct. at 1192.  As discussed below, the state habeas court correctly identified and applied the two-part Strickland analysis to determine Petitioner did not show counsel's performance was objectively unreasonable or that he was prejudiced by counsel's performance.  (See doc. no. 8-3.)

### a.   Testimony at State Habeas Evidentiary Hearing

Mr. Persse was admitted to the Georgia Bar in 1990, and one hundred percent of his practice is devoted to criminal representation.  (Doc. no. 8-7, pp. 9-10.)  At the time of the habeas hearing, he served as the Chief Public Defender for the Eastern Judicial Circuit in Chatham County.  (Id. at 9.)  Mr. Persse had no involvement with the trial phase of Petitioner's case and was appointed to represent Petitioner on appeal because the Augusta Public Defender's office was conflicted out of representation.  (Id. at 10.)

When Mr. Persse received the appointment, he amended the general motion for new trial to argue insufficiency of the evidence on the armed robbery conviction and associated weapons possession charge, as well as to argue the aggravated assault instruction was erroneous because it was broader than the manner of aggravated assault listed in the indictment.  (Id. at 11.)  In preparing Petitioner's case, Mr. Persse reviewed the trial transcript and had discussions both with Petitioner and trial counsel, Mr. Prescott.  (Id.)  After losing the motion for new trial, Mr. Persse again challenged on direct appeal the sufficiency of the evidence on the armed robbery charges, but chose not to raise the issue of the aggravated assault instruction, even though Petitioner requested Mr. Persse raise that

issue.  (Id. at 12-13, 21.)   Mr. Persse likewise reviewed the record for any potential ineffective assistance of trial counsel claims, but saw nothing to raise.  (Id. at 15.)

Mr. Persse decided not to raise the issue of an erroneous aggravated assault jury instruction on direct appeal because approximately three weeks before filing the appellate brief, the Georgia Supreme Court issued an opinion (1) agreeing the type of instruction given by the trial judge in Petitioner's case on aggravated assault was erroneous; but (2) concluding it was not reversible error so long as the indictment is sent out with the jury and the jury is generally told to make its decision on how aggravated assault is charged in the indictment. (Id. at 13, 31); see Faulks v. State, 764 S.E.2d 846 (Ga. 2014).  Because of the similarity between the facts of Petitioner's case and Faulks, and not wanting to dilute his strongest arguments, which he ultimately won, Mr. Persse did not raise the aggravated assault jury instruction issue.  (Id. at 14.)

### b.    Decision Not to Raise Ineffective Assistance of Trial Counsel Claim

In Ground Five (a), Petitioner alleges Mr. Persse rendered ineffective assistance by failing to raise an ineffective assistance of trial counsel claim.  However, Petitioner does not specify in his federal petition what ineffective assistance of trial counsel claim he believes Mr. Persse should have raised.  Instead, he merely states, "Ineffective assistance of Appellant Counsel for not filing Ineffective assistance on trial counsel."  (Doc. no. 1, p. 8.)

As the state habeas court explained, Petitioner failed in those proceedings to provide any evidence in support of a claim trial counsel was ineffective, so there would be no reason for Mr. Persse to have raised such a claim.  (Doc. no. 8-3, p. 6.)  Moreover, Mr. Persse

testified he reviewed the record for any potential ineffective assistance claims but saw nothing to raise.  (Doc. no. 8-7, p. 15.)  Rather, Mr. Persse chose to raise more meritorious issues on appeal, and as the state habeas court identified, counsel successfully achieved reversal of the most serious charges, resulting in resentencing from life plus thirty years in prison to twenty-five years.[3]  (Doc. no. 8-3, p. 6.)  As set forth above, a criminal defendant has no "constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as as matter of professional judgment, decides not to present those points."   Jones, 463 U.S. at 751; see also Philmore, 575 F.3d at 1264 (explaining appellate counsel not required to raise every non-frivolous issue).

To the extent Petitioner intended to incorporate his arguments from Ground Two of the federal petition as the basis for his assertion in Ground Five that Mr. Persse should have raised ineffective assistance of trial counsel claims, (see doc. no. 10, p. 7), he still has not shown the state court decision about Mr. Persse's representation is not entitled to AEDPA deference in these proceedings.  As is discussed in more detail below, even in these proceedings, Petitioner has not identified any substantial ineffective assistance of trial counsel claims.

Furthermore, Petitioner cannot show the requisite Strickland prejudice for any ineffective trial counsel claim he asserts Mr. Persse should have raised with respect to the armed robbery charges.  The ineffective assistance claims outlined in Ground Two of the federal petition aim to undercut the armed robbery convictions, which Mr. Persse

---

[3]Mr. Persse additionally testified removal of the armed robbery charge also removed significant limitations on the possibility of parole.  (Doc. no. 8-7, p. 14.)

successfully challenged.  There can be no prejudice in failing to raise claims, that even if successfully, could result in no more than what was already achieved - reversal of the armed robbery charges.

In sum, the state court's decision to reject this ineffective assistance of appellate counsel claim was not an unreasonable application of <u>Strickland</u> or based on an unreasonable determination of the facts in light of the evidence presented.  Mr. Persse's performance was neither deficient nor prejudicial with respect to the decision not to argue ineffective assistance of trial counsel, and this claim provides no basis for federal habeas corpus relief.

### c.    Decision Not to Challenge Jury Instruction on Aggravated Assault

In Ground Five (b), Petitioner alleges Mr. Persse rendered ineffective assistance by failing to raise on appeal an issue raised in the amended motion for new trial.  Specifically, Petitioner contends Mr. Persse should have raised a challenge to the aggravated assault jury instruction that included language broader than the manner of aggravated assault listed in the indictment.  The state habeas court ruled Mr. Persse did not provide ineffective assistance on this point because he considered insufficiency of the evidence for the armed robbery conviction to be the strongest argument.  (Doc. no. 8-3, p. 5.)  Mr. Persse readily acknowledged at the state habeas hearing Petitioner asked him to include the jury instruction issue, but in light of the Georgia Supreme Court's "basically resounding rejection" of the same argument approximately three weeks prior to submission of the appellate brief, Mr. Persse deemed the same argument in Petitioner's case to be meritless.  (Doc. no. 8-7, p. 13.)

In denying relief on this claim, the state habeas court ruled as follows:

> Mr. Persse stated that the evidence for the armed robbery seemed insufficient and that charge was most likely to be reversed. Counsel also stated that he considered the jury instruction on aggravated assault, however he changed his mind on the issue after conducting research and coming across Faulks v. State, 296 Ga. 38, 764 S.E.2d 846 (2014). In Faulks, the Supreme Court of Georgia stated that if the indictment charges a defendant committed an offense by one method, it is reversible error for the court to instruct the jury that the offense could be committed by other statutory methods with no limiting instruction. Id. at 39. However, the Court stated that the defect is cured where the court provides the jury with the indictment and instructs jurors that the burden of proof rests upon the State to prove every material allegation of the indictment and every essential element of the crime charged beyond a reasonable doubt. Id. After encountering the Faulks decision and reviewing the trial transcript, Mr. Persse said that he felt the jury instruction argument would be meritless and as a result, chose not to dilute Petitioner's appeal by raising it.

(Doc. no. 8-3, p. 6.)

As explained in Part III(B)(2)(b), Petitioner had no constitutional right to force Mr. Persse to raise what, in his professional judgment, he considered to be a meritless argument. See Jones, 463 U.S. at 751; see also Philmore, 575 F.3d at 1264-65; Nyhuis, 211 F.3d at 1344. Georgia Supreme Court precedent issued three weeks prior to submission of the appellate brief rejected the argument Petitioner wanted Mr. Persse to raise. A review of the trial transcript confirms the trial court read the jury the aggravated assault charge from the indictment, including the allegations the victim was stabbed with a knife, and instructed the jury on the burden of proof. (Doc. no. 8-9, pp. 194-95.) The indictment also went back to the jury. (Id. at 211-12.) Thus, an appellate attorney could reasonably conclude under Faulks, 764 S.E.2d at 848, even though the instruction on aggravated assault included

broader language than the charge in the indictment regarding how the statute defines aggravated assault, (doc. no. 8-9, p. 207), there was no reversible error in Petitioner's case.[4]

In sum, the state court's decision to reject this claim was not an unreasonable application of <u>Strickland</u> or based on an unreasonable determination of the facts in light of the evidence presented. Mr. Persse's performance was neither deficient nor prejudicial with respect to the decision not to challenge the aggravated assault jury instruction, and this claim provides no basis for federal habeas corpus relief.

### C.      Petitioner's Procedural Default

#### 1.      A Federal Habeas Petitioner Defaults a Claim by Failing to Properly Exhaust State Remedies

AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss unexhausted habeas claims the petitioner did not raise in state court, but could have raised by any available procedure. 28 U.S.C. § 2254(b)(1)(A) & (c). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the federal claims. <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in

---

[4]In relevant part, the Court instructed the jury:

    Members of the jury, I will now define for you the offense of aggravated assault. . . . A person commits the offense of aggravated assult when that person assaults another person with intent to rob or with a deadly weapon or with any object, device, or instrument which when used offensively against the person is likely to or actually does result in serious bodily injury.

(Doc. no. 8-9, p. 207.)

a habeas petition." Turner v. Crosby, 339 F.3d 1247, 1281 (11th Cir. 2003) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) (quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)).   The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351-54 (11th Cir. 2012); Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).   "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'"   Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).   Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available.  McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005).

A federal habeas petitioner can run afoul of procedural default rules in one of two ways, depending on whether the claim is an old one the petitioner already attempted to assert unsuccessfully in state court, or a new one the petitioner never attempted to raise in state court.   First, a federal habeas petitioner cannot revive an old claim that a state court previously denied on independent and adequate procedural grounds.   "As a general rule, a federal habeas court may not review state court decisions on federal claims that rest on state law grounds, including procedural default grounds, that are 'independent and adequate' to support the judgment." Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1335 (11th Cir. 2012).

A state court decision rests on "independent and adequate" state procedural grounds when it satisfies the following three-part test:

> First, the last state court rendering a judgment in the case must clearly and expressly say that it is relying on state procedural rules to resolve the federal claim without reaching the merits of the claim.  Second, the state court decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law.  Finally, the state procedural rule must be adequate; *i.e.,* it may not be applied in an arbitrary or unprecedented fashion.  The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for purposes of the procedural default doctrine.  In other words, a state procedural rule cannot bar federal habeas review of a claim unless the rule is "firmly established and regularly followed."

Id. at 1336 (internal quotations and citations omitted).  Additionally, the Supreme Court has made clear that "a state procedural bar may count as an adequate and independent ground for denying a federal habeas petition even if the state court had discretion to reach the merits despite the default."  Walker v. Martin, 562 U.S. 307, 311 (2011).

Second, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim in his federal petition that would be procedurally barred if he attempted to raise it in state court.  In such instances, unless the petitioner either establishes the cause and prejudice or the fundamental miscarriage of justice exception, the failure to bring the claim properly in state court has "matured into a procedural default."  Smith v. Jones, 256 F.3d 1135, 1138-39 (11th Cir. 2001).  Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."  Smith v. Sec'y, Dep't of Corr., 572 F.3d 1327, 1342 (11th Cir. 2009) (citing Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998)); Bailey v. Nagle, 172 F.3d 1299, 1303 (11th Cir. 1999).  To determine

whether a claim is procedurally barred in this way, the federal court must ask whether "it is clear from state law that any future attempts at exhaustion would be futile." See Bailey, 172 F.3d at 1305.

Simply put, if a claim has not been "fairly presented to the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006). To that end, absent a showing of either cause to excuse the default and actual prejudice or a fundamental miscarriage of justice, O.C.G.A. § 9-14-48(d) precludes state habeas review of any issue not preserved for collateral attack in a state court by timely objecting and raising the issue on appeal. See Devier v. Zant, 3 F.3d 1445, 1454-55 (11th Cir. 1993) (citing O.C.G.A. § 9-14-48(d) and upholding a finding of procedural default on numerous claims); see also Waldrip v. Head, 620 S.E.2d 829, 835-36 (Ga. 2005) ("Claims not raised on direct appeal are barred by procedural default, and in order to surmount the bar to a defaulted claim, one must meet the 'cause and prejudice' test."); Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985) ("The rule now may be stated as follows:  a failure to make timely objection to any alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus."). In addition, Georgia law prohibits the assertion of state habeas claims in any successive petition that could have been asserted in the original state habeas petition. O.C.G.A. § 9-14-51; Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) ("The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court . . . .").

2.      **Petitioner's Remaining Claims Are Procedurally Defaulted**

a.      **New But Defaulted, Grounds Two (a) & (e), Three, Four, and to the Extent it Raises a Claim for Federal Relief, Six**

Respondent argues these five claims raised in the federal petition are new claims which were not raised in the state courts.   Thus, argues Respondent, they are now procedurally defaulted because they would be deemed successive if raised on a second state collateral attack.  (Doc. no. 7-1, pp. 5-8; doc. no. 12-1, pp. 2-3.)

In Ground Two, subparts (a) and (e), Petitioner argues trial counsel provided ineffective assistance by failing to identify the elements of armed robbery prior to trial and to have the armed robbery charge dismissed.  Although Petitioner raised a multi-part ineffective assistance of trial counsel claim in his state habeas petition, neither one of these two issues were included.  (See doc. no. 8-2.)  "[H]abeas petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petition that were not first presented to the state courts."  Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1344 (11th Cir. 2004) (citing Footman, 978 F.2d at 1211).  Accordingly, Petitioner's Ground Two, subparts (a) and (e), are new, could have been presented in the state courts, and therefore are now procedurally defaulted.  See O.C.G.A. § 9-14-51; Chambers, 150 F.3d at 1327.

In Ground Three, Petitioner argues his aggravated assault conviction was obtained improperly because he was unlawfully arrested for armed robbery, and had he not had the armed robbery charge, he would have been offered a plea deal for the aggravated assault. This claim was not raised on direct appeal or in the state habeas petition.  This claim is new,

could have been presented in the state court, and is now procedurally defaulted.  <u>See</u> O.C.G.A. § 9-14-51; <u>Chambers</u>, 150 F.3d at 1327.

In Ground Four, Petitioner argues his Due Process rights were violated when:  (a) counsel failed to obtain a preliminary hearing; (b) the State failed to prove venue by failing to provide an address for the location of Petitioner's crimes; and (c) the state habeas court failed to rule on a motion Petitioner submitted at the December 6, 2016 hearing.  These claims are barred in these proceedings either because they were not, but could have been, presented in state court, or they form no basis for federal habeas corpus relief.  First, failing to obtain a preliminary hearing is a claim that could have been, but was not, presented on direct appeal or in the state habeas proceedings, and it is now procedurally defaulted.  <u>See</u> O.C.G.A. § 9-14-51; <u>Chambers</u>, 150 F.3d at 1327.

Similarly, Ground Four (b) could have been, but was not, presented on direct appeal or in the state habeas proceedings and is now procedurally defaulted.  Although Petitioner attempted to belatedly raise the issue of venue at the second state habeas hearing, (doc. no. 8-8, p. 8), the state habeas court judge told Petitioner he would not accept any additional grounds for relief at that stage of the proceedings, (<u>id.</u> at 6).   In any event, the venue claim appears to be a red herring because two different witnesses testified to the events occurring at the Best Buy on Walton Way Extension in Richmond County.  (Doc. no. 8-9, pp. 19, 39.)  To the extent Petitioner is complaining each separate count of the indictment did not list Richmond County, failing to list venue in every count of a multi-count indictment is not necessarily fatal to the prosecution of charges following the initial charge containing venue information.  <u>See</u> <u>State v. Tollison</u>, 335 S.E.2d 153, 154 (Ga. App. 1985).  Here, count one of

the indictment clearly set forth the crime was alleged to have occurred in Richmond County, Georgia.  (Doc. no. 8-8, p. 134.)

As to the claim in Ground Four (c) concerning Petitioner's dissatisfaction with the state habeas court's order not including a ruling on a motion he attempted to submit during the December 6, 2016 hearing, it is well established alleged defects in state collateral proceedings cannot form the basis for federal habeas corpus relief.  See Carroll v. Sec'y, DOC, 574 F.3d 1354, 1365 (11th Cir. 2009); Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004).  Not only did the state habeas court announce new grounds for relief would not be accepted, (doc. no. 8-8, p. 6), but the motion, which Petitioner also attached as Exhibit B to his federal petition, is a motion captioned for, and filed in, the trial court after all post-conviction proceedings had concluded wherein Petitioner requests a "Motion for Evidentiary Hearing on Trial and Appellate Counsels, Defective Indictment."  Even if there were a state forum where Petitioner could have presented an argument concerning the content of the state habeas court's order, the refusal of the state habeas judge to rule on a motion filed in the trial court cannot form the basis for federal habeas corpus relief.  See Carroll, 574 F.3d at 1365 Quince, 360 F.3d at 1262.

In Ground Six, Petitioner alleges the trial court erred in failing to give accident instructions.  As explained in Part III(A), Petitioner is not entitled to relief on this ground because it raises only an issue of state law.  See Wilson, 562 U.S. at 3; Jones, 815 F.3d at 722-23.  However, even if the Court were to assume for the sake of argument, the claim in Ground Six did form a basis for federal habeas corpus relief, it is procedurally defaulted

because it could have been, but was not, presented on direct appeal or in the state habeas proceedings.  See O.C.G.A. § 9-14-51; Chambers, 150 F.3d at 1327.

Petitioner's belated attempt to turn his Ground Six allegation of trial court error into an ineffective assistance of counsel claim, (see doc. no. 14), does not change the analysis.  Even if the Court were to overlook the procedurally improper attempt to change the nature of the claim as presented in the amendment allowed by the Court, (see doc. nos. 9, 13),  Petitioner did not identify trial counsel's handling of a potential accident defense as ineffective assistance of counsel in his state habeas petition.  (See doc. no. 8-2.)  As explained above, each particular instance of alleged ineffective assistance must be presented to the state courts in order to have the claim considered as a basis for federal habeas corpus relief.  See Kelley, 377 F.3d at 1344. Petitioner did not raise an ineffective assistance claim based on failing to pursue an accident defense or instruction, and any such claim is therefore barred in these proceedings.

### b.   Defaulted Pursuant to State Law, Grounds Two (b), (c), & (d)

The state habeas court found that the ineffective assistance of trial counsel claims now raised in Ground Two, subparts (b) through (d), could have been raised on direct appeal but were not, and therefore were procedurally defaulted under O.C.G.A § 9-14-48(d).  (Doc. no. 8-3, pp. 3-4 (citing Schofield v. Meders, 632 S.E.2d 369, 372 (Ga. 2006).)   In these defaulted claims, Petitioner argues trial counsel provided ineffective assistance by failing to: file proper pretrial motions, investigate the case, and interview witnesses to prepare a proper defense.  Because these claims were not timely raised in the state court proceedings and denied by the state court under state procedural default rules, they are procedurally defaulted

in these proceedings and provide no basis for federal habeas relief.  See Boyd, 697 F.3d at 1336; McNair, 416 F.3d at 1305; Smith, 256 F.3d at 1139.

### 3.   Petitioner Cannot Satisfy the Cause and Prejudice Standard to Justify Federal Review of His Defaulted Claims, and the Miscarriage of Justice Exception Does Not Apply

"A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default." Jones, 436 F.3d at 1304 (citing Wainwright v. Sykes, 433 U.S. 72, 97 (1977)).  "Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." Maples v. Thomas, 565 U.S. 266, 280 (2012) (internal quotation marks omitted).  "Once cause is proved, a petitioner also must prove prejudice.  He must show 'not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).  For example, procedural default does not preclude federal habeas review when

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 569 U.S. 413, 423 (2013); Martinez v. Ryan, 566 U.S. 1, 13-14, 16-17 (2012).

Petitioner has presented no valid justification for failing to raise his defaulted claims at the proper time in his state proceedings, let alone something external to him that cannot be fairly attributed to him.  Petitioner's attempts to bootstrap his barred claims under the rubric of ineffective assistance of counsel fails because, as explained herein, Petitioner has no valid ineffective assistance of counsel claims.   See Nyhuis, 211 F.3d at 1344 (recognizing ineffective assistance of counsel claim, if it has merit, may satisfy cause exception to procedural bar).  In addition, Petitioner can show neither prejudice resulting from the default nor that the claims are substantial.

As to the procedurally barred claims of ineffective assistance of trial counsel raised in Ground Two, there are no substantial claims.  In Ground Two (a), Petitioner claims counsel was ineffective for not knowing the elements of armed robbery so that the charge could be dismissed prior to, or at trial.  This is actually but a variation on the same claim raised in Ground Two (e) where Petitioner faults counsel for not having the armed robbery charge dismissed.  Counsel's performance is not judged in hindsight.  Waters v. Thomas, 46 F.3d 1506, 1514 (11th Cir. 1995) (en banc) ("The widespread use of the tactic of attacking trial counsel by showing what might have been proves that nothing is clearer than hindsight – except perhaps the rule that we will not judge trial counsel's performance through hindsight.").  What Petitioner really argues is that because the Georgia Court of Appeals eventually reversed the armed robbery charges, his counsel should have somehow obtained dismissal of the charges before an evidentiary record was even developed.  That argument fails.

Petitioner does not argue there was a defect in the indictment with the armed robbery charge that counsel failed to recognize, but rather he argues an affirmative defense that counsel should have argued for dismissal because Petitioner did not use the knife offensively for an unlawful taking.  However, Petitioner fails to show such an argument was available for trial counsel to use.  See State v. Henderson, 640 S.E.2d 686, 688  (Ga. Ct. App. 2006) (concluding "[a] criminal charge is generally dismissed only when there is a defect on the face of the indictment or accusation," and a trial court has no authority to grant a request for dismissal requiring consideration of facts extrinsic to the accusation).  In other words, "There is no basis in Georgia criminal practice for " 'what, in civil practice, would be termed a motion for summary judgment.' "  Id. (citations omitted).  Petitioner makes no substantial showing of a meritorious claim of ineffective assistance by relying on hindsight to argue lack of knowledge about the "elements" of armed robbery prevented counsel from obtaining dismissal of the armed robbery charge prior to the presentation of any evidence at trial.

In Ground Two, subparts (b), (c), (d), Petitioner claims ineffective assistance based on a failure to file pretrial motions, investigate the case, and interview witnesses to prepare a defense.  The record reflects counsel filed "Notice of Defendant's Election to Proceed under O.C.G.A. § 17-6-1 et seq. and Consolidated Motions and Demands for Discovery, Statements, Scientific Reports, and Other Enumerated Motions."  (Doc. no. 8-8, p. 137.) As to an alleged failure to investigate the case or interview witnesses, Petitioner provides no information as to what counsel could have uncovered but did not that would change the outcome of the proceedings.  See Strickland, 466 U.S. at 691 (explaining "[c]ounsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and

on information supplied by the defendant.  In particular, what investigation decisions are reasonable depends critically on such information.").  Multiple witnesses testified at trial on behalf of the State, (see doc. no. 8-8, p. 244), and Petitioner has not identified any information or witnesses counsel could have uncovered that would have disputed or changed the information before the jury, let alone changed the outcome of trial.

Petitioner also fails to offer any justification for failing to raise Ground Three in the state courts.  Nor does he make any argument that something external to him prevented raising the argument his aggravated assault conviction was obtained improperly because he was unlawfully arrested for armed robbery, and had he not had the armed robbery charge, he would have been offered a plea deal for the aggravated assault.  In any event, he provides no support for his conclusory assertion he would have been offered a plea deal for the aggravated assault, let alone what the terms of any such plea might have included.

Nor has Petitioner established cause and prejudice for failing to raise the claims in Ground Four.  In subpart (a), Petitioner claims his due process rights were violated because he did not have a preliminary hearing, but he does not explain the reason for not raising the claim in the state court.  In any event, he also fails to explain prejudice to any constitutional right from the omission of a preliminary hearing.  The grand jury for the January 2011 term returned an indictment against Petitioner for his actions taken November 26, 2010.  (Doc. no. 8-8, pp. 133-36.)  "[O]nce indictment takes place probable cause has been established and a preliminary hearing serves no purpose."  State v. Godfrey, 418 S.E.2d 383, 384 (Ga. Ct. App. 1992) (finding no grounds for dismissal where local district attorney had practice of cancelling preliminary hearings where indictment had occurred or was imminent); see also

33

State v. Ruff, 335 S.E.2d 687, 688 (Ga. Ct. App. 1985) ("[a] preliminary hearing is not a required step in a felony prosecution and ... once an indictment is obtained there is no judicial oversight or review of the decision to prosecute because of any failure to hold a commitment hearing (citations omitted).)

Petitioner likewise does not explain why he did not raise the issue of venue in the state courts, and for the reasons explained above in Part III(C)(2)(a), the issue appears to be a red herring that could form no basis for relief. To the extent Petitioner is claiming the issue was not raised in the state courts because, as alleged in Ground Four (c), the state habeas court refused to rule on all the claims he submitted, that, too, is a red herring. At the second state habeas hearing on December 6, 2016, Petitioner asked to raise new claims, and the state habeas judge said he would not allow it at that late stage of the habeas proceedings. (Doc. no. 8-8, p. 6.) Petitioner was allowed to explain his argument that the State failed to prove venue, which as discussed above, is contradicted by the record, but the judge never ruled Petitioner could amend his petition. Nor does Petitioner point to any motion to amend which was filed in the state habeas proceedings.

When Petitioner offered the "Motion for Evidentiary Hearing on Trial and Appellate Counsels, Defective Indictment" as evidence at the second state habeas hearing, the State objected on relevance grounds and pointed out the motion was captioned for the underlying criminal case in Richmond County. (Id. at 21.) The judge admitted the motion so he could "take a look at it." (Id.) He did not rule the exhibit amended the state habeas petition, and as evidenced by the state habeas order, (doc. no. 8-3), he only considered the four claims in the original petition. In any event, even if Petitioner had shown cause for the venue argument

not being addressed in state court, for the reasons explained herein, he has not shown prejudice.

As to Ground Six, as explained in Part III(A), Petitioner is not entitled to relief on this ground because it raises only an issue of state law.  See Wilson, 562 U.S. at 3; Jones, 815 F.3d at 722-23.  To the extent it could be construed otherwise, Petitioner offers no reason why it was not properly raised in the state courts.  Moreover, the record does not support Petitioner's belated theory of accident, as the trial transcript contains multiple instances of testimony from witnesses that the stabbing was not accidental.  (Doc. no. 8-9, pp. 69, 103, 112, 120.)  Indeed, in affirming Petitioner's conviction for aggravated assault, the Court of Appeals acknowledged the testimony at trial "that the act did not appear to be accidental." Attaway, 772. S.E.2d at 824.  Petitioner points to nothing in the record to support giving an accident instruction, and thus, he can show no prejudice.  See Sampson v. State, 303 S.E.2d 77, 80 (Ga. Ct. App. 1983) (finding accident charge not required when record contained no evidence defendant had done anything by accident or mistake).

For all of these reasons, Petitioner has failed to demonstrate the cause and prejudice necessary to overcome his default of these claims.

"Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice." Jones, 436 F.3d at 1304 (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)).  The narrow fundamental miscarriage of justice exception encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray, 477 U.S. at 496; see also Johnson, 256 F.3d at 1171 ("This exception is

exceedingly narrow in scope, as it concerns a petition's 'actual' innocence rather than his 'legal' innocence."). In <u>McQuiggin v. Perkins</u>, the Supreme Court held that this exception survived AEDPA's passage but "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." 569 U.S. 383, 395 (2013) (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 329 (1995)). Petitioner does not argue, let alone submit any evidence, that he is probably, factually innocent of aggravated assault and possession of a knife predicated on that aggravated assault. To the contrary, as discussed in detail above, all of Petitioner's arguments are based on legal theories of alleged error.

Accordingly, Grounds Two, Three, Four - including all subparts of those Grounds - and Ground Six, to the extent it could be construed as forming a basis for federal habeas corpus relief, have been defaulted, are not excused by any exception, and provide no basis for federal habeas corpus relief.

## IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 25th day of July, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

36